**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
DASHAWN WALTERS,                                         :
                                                        :    <u>**DECISION & ORDER**</u>
                              Petitioner,               :
                                                        :    16 Cr. 339 (RMB)
              -v-                                       :    18 Cv. 9793 (RMB)
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
                              Respondent.               :
---------------------------------------------------------------x

On or about August 30, 2018, Dashawn Walters ("Walters" or "Petitioner") filed a *pro se*

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  The petition challenges Walters'

convictions (by plea agreement) of "conspiring to distribute and to possess with intent to distribute

mixtures and substances containing a detectable amount of cocaine base" in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(C), & 846; and "using and carrying a firearm, which was brandished . . .

in furtherance of . . . a drug trafficking crime" in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii).

(Plea Agreement, dated May 26, 2017, at 1; *see also* Pet'r Mot. to Vacate, dated Aug. 30, 2018

("Petition").)  Walters contends, among other things, that his CJA counsel, Louis V. Fasulo, was

"constitutionally ineffective," (Pet. at 5); that Walters' conspiracy conviction was unfounded, (*id.*

at 10); and that Walters' firearm conviction was "unlawful," (*id.* at 17.)  Walters also filed a motion

to appoint new counsel to assist him in pursuing the Petition.  (Mot. for Appointment of Counsel,

dated Aug. 30, 2018 ("Motion to Appoint Counsel").)

**For the reasons stated below, the Petition and the Motion to Appoint Counsel are**

**respectfully denied.[1]**

---

**[1] Any issues or arguments raised by the parties but not specifically addressed in this
Decision & Order have been considered by the Court and rejected.**

## I.    Background

Walters was a member of a gang called "Money Over Everything" that sold unlawful drugs in the Bronx, New York.  (Presentence Investigation Report, dated Aug. 31, 2017 ("PSR") ¶ 19.) Walters distributed between 22.4 and 28 grams of crack, including quantities that were sold to undercover police officers on multiple occasions.  (PSR ¶¶ 20, 46.)  On February 18, 2015, Walters shot a member of a rival drug-trafficking gang, endangering pedestrians in the vicinity of the shooting.  (PSR ¶ 22.)  Walters was arrested on June 4, 2016.  (PSR ¶ 25.)

On June 15, 2017, Walters appeared before Magistrate Judge James C. Francis IV and pleaded guilty to (1) "conspiring to distribute and to possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 846 ("**Count One**"), and (2) "using and carrying a firearm, which was brandished . . . in furtherance of . . . a drug trafficking crime" in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) ("**Count Two**").  (Plea Agreement, dated May 26, 2017, at 1.)

The Plea Agreement included a waiver of appellate relief: "[T]he defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . ."  (*Id*. at 5.)  During the plea allocution, Magistrate Judge Francis confirmed that Walters understood that the Plea Agreement required Walters to waive his appellate rights.  (*See* Allocution Tr., dated June 15, 2017 ("Allocution Tr."), at 12:15–25, 13:1–19, 14:22–24.)  Magistrate Judge Francis also confirmed that Walters "underst[ood] the nature of the charges against him and the consequences of a plea of guilty [and] that the plea [was] voluntary and knowing and that there is a factual basis for it," (*id.* at 16:1–8), and that Walters was "satisfied with [his] attorney," (*id*. at 6:22–25, 7:1–2.)

2

On July 17, 2017, Walters appeared before this Court and (again) confirmed that he understood that, pursuant to his Plea Agreement, he had "agreed that [he] would not file a direct appeal" and "would not bring . . . a collateral challenge, including but not limited to, applications under 28 United States Code, Sections 2255 and/or 2241." (Hr'g Tr., dated July 17, 2017, at 2:15–19, 3:2.)

The Plea Agreement included a stipulated Sentencing Guidelines range of 117 to 125 months of imprisonment based upon an offense level of 19 and criminal history of II. (*Id*. at 2–4.) On November 16, 2017, the Court sentenced Walters to 114 months of imprisonment, followed by five years of supervised release. (*See* Sent'g Hr'g Tr., dated Nov. 16, 2017 ("Sent'g Tr."), at 16.)

The Government and CJA counsel Fasulo oppose the Petition. The Government contends persuasively that "all of [Walters'] claims fail as a matter of law," (*id*. at 1), and that Walters' counsel "met the standards of prevailing professional norms." (*Id*. at 8.) The Government also argues that Walters' constitutional claims are "barred by the waiver provision contained in [the] Plea Agreement" and, alternatively, that the Supreme Court ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) "has no impact on [Walters'] conviction." (*Id*. at 9–10.) Fasulo, in a detailed Declaration, dated February 28, 2020, enumerates the comprehensive legal defense he presented on Walters' behalf (see p. 5 below) and "concur[s] that there appears to be no legal basis for the claims [Walters] made." (Fasulo Ltr., dated Feb. 28, 2020, at 2.)

## II.    Legal Standard

"Knowing and voluntary appellate waivers included in plea agreements must be enforced because if they are not, 'the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of the defendants.'" *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004) (quoting *United States v. Rosa*, 123 F.3d 94, 97–98 (2d Cir. 1997)).

"[A] claim [of ineffectiveness] does not arise unless a lawyer's error is so egregious as to amount to a failure to provide even minimal professional representation." *Valencia v. United States*, 2010 WL 743034, at *2 (S.D.N.Y. Mar. 4, 2010) (citing *Lynn v. Bliden*, 443 F.3d 238, 247 (2d Cir. 2006)).  "To prevail on a claim of ineffective assistance of counsel, a defendant must (1) show that his counsel's representation 'fell below an objective standard of reasonableness' under 'prevailing professional norms' . . . and (2) 'affirmatively prove prejudice' by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." *Guzman v. United States*, 363 F. Supp. 3d 396, 398–99 (S.D.N.Y. 2019) (quoting *Strickland v. Washington*, 466 U.S. 688, 688–89, 693–94 (1984)). **"[S]crutiny of counsel's performance must be 'highly deferential' because [the Court] must apply 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"** *Rivas v. Fischer*, 780 F.3d 529, 547 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at 689).

"For the Court to order the appointment of counsel, the applicant must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." *United States v. Garrison*, 2020 WL 5253219, at *1 n.1 (S.D.N.Y. Sept. 3, 2020) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)).

## III.   Analysis

### No Ineffective Assistance of Counsel

Walters' ineffective assistance of counsel claim is without merit.  *See Strickland*, 466 U.S. at 688–89.  Walters fails to show that Fasulo's representation fell below any "objective standard of reasonableness."  *Id.* ("A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.").  Attorney Fasulo presents unrefuted

4

evidence that he "review[ed] the discovery, [held] conversations with the Assistant United States Attorney, [undertook] legal research, [attended] court conferences, review[ed] the Pre-Sentence [Investigation] Report, review[ed] the Government's sentencing memorandum, [and] submi[tted] a sentencing memorandum" on Walters' behalf.  (Fasulo Ltr., dated Feb. 28, 2020, at 1.)  Fasulo also states that he "fully advised Mr. Walters [about] the case, the basis for the plea and the law, and potential sentences" and that the plea "was supported by the discovery and the facts of the case."  (*Id*. at 2.)  **"Based on my understanding of the law, and the facts . . . stated on the record [] there was no legal reason for the defendant not to enter such plea."**  (*Id*. (emphasis added).)  And, the Government concurs that "defense counsel's advice met the standards of prevailing professional norms."  (Gov't Br. at 5.)

Walters' principal legal claims are that: (1) the Government's "charg[ed] possession with intent to distribute 'at least 22.4 grams but less than 28 grams of cocaine base' fail[s] to meet the requisite minimum threshold drug quantity . . . to trigger[] a felony," (Pet. at 5–7); (2) the Government "failed to establish, charge, or allege a conspiracy with a specifically named . . . co-conspirator," and "no conspiracy occurred [presumably because the Government] has merely alleged one buyer-seller transaction which could not rise to the level of a conspiracy," (*id*. at 10, 13); and (3) the Government failed to establish an underlying drug trafficking crime, (*id*. at 14–15 ("Petitioner is actually innocent of [Count Two] where [the] predicate offense (drug conspiracy) do[es] not qualify as [a] 'drug trafficking crime' under the [CSA].").)

Each of Walters' legal contentions is incorrect.  First, conspiring to distribute crack cocaine in any quantity is a felony under the Controlled Substances Act, 21 U.S.C. § 801 et seq. ("CSA").  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C); *id*. § 846.  Walters pleaded to possessing crack cocaine with intent to distribute and that was sufficient to support a felony conviction.  *See United*

*States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) ("since the [CSA] specifies no minimum amount, any amount of drugs, however small, will support a conviction . . . of intent to distribute"); *Smith v. Barr*, 809 F. App'x 54, 56 (2d Cir. 2020) ("The CSA punishes possession with intent to distribute a controlled substance as a felony."). "And because the CSA dictates that attempt offenses are 'subject to the same penalties as those prescribed for the offense [itself],' attempted possession of a controlled substance with intent to distribute is also a felony under the CSA." *Gray v. Keisler*, 253 F. App'x 78, 81 (2d Cir. 2007) (quoting 21 U.S.C. § 846). Walters' "interpretations of the CSA . . . are simply wrong," as "[t]he weight of the controlled substance involved is irrelevant." (Gov't Br. at 5.)

Second, "the Government [does] not have to prove the identities [of co-conspirators] in order to secure a [conspiracy] conviction." *United States v. Dove*, 884 F.3d 138, 147 (2d Cir. 2018). Nor is "proof of an overt act . . . required to establish a violation of 21 U.S.C. § 846." *United States v. Shabani*, 513 U.S. 10, 17 (1994); *see also United States v. Eppolito*, 543 F.3d 25, 47 (2d Cir. 2008) ("Where there is an agreement to commit an unlawful act, that agreement is a distinct evil, which may exist and be punished whether or not the substantive crime ensues." (quotation and citation omitted) (alterations adopted)). In fact, all of the elements of conspiracy were alleged by the Government and Walters admitted that he agreed to distribute crack cocaine. *United States v. Ulbricht*, 31 F. Supp. 3d 540, 550 (S.D.N.Y. 2014).

Walters made the following admissions, among others, during his plea allocution: "**Court**: Do you understand the nature of the charges to which you are pleading? **Walters**: Yes." (Allocution Tr. at 10:19–21). "**Court**: Did you commit the offenses charged? **Walters**: Yes. . . . I, along with others, distributed—agreed to distribute and possess crack cocaine . . . . I [also] possessed and showed a firearm during the above-related crime." (*Id*. at 14:25–15:7); *see United*

6

*States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992).  "**Court**: And at the time you agreed with others to distribute crack . . . did you know what you were doing was wrong?  **Walters**: Yes."  (*Id.* at 15:13–16.)[2]

Third, Walters' challenge (regarding Count Two) that his § 924(c) conviction is invalid because the Government failed to establish the predicate drug trafficking conspiracy "necessarily falls as well" because the narcotics conspiracy was clearly established.  (Gov't Br. at 8); *see also United States v. Abad*, 514 F.3d 271, 275–76 (2d Cir. 2008); *Smith v. United States*, No. 13 CR. 0889, 2023 WL 3052216, at *2 (S.D.N.Y. Apr. 24, 2023) ("guilty plea was supported by an adequate factual basis that satisfied all of the elements of the three crimes to which he pled guilty.").[3]

**Walters' Challenge to His § 924(c) Conviction Fails As a Matter of Law**

Walters claims that his § 924(c) conviction under Count Two (*i.e.*, that he used a firearm, in furtherance of a drug trafficking crime) is undercut "by the Supreme Court in *Sessions v. Dimaya* [138 S. Ct. 1204 (2018)]."  (Pet. at 17.)  The Court finds that this claim is foreclosed by virtue of the waiver of appeal that Walters agreed to in his plea agreement.  (*See* Plea Agreement at 5.)  In any event, courts have routinely found that claims based on *Dimaya*, and *United States v. Davis*, 139 S. Ct. 2319 (2019), can be waived by defendants who were convicted prior to these rulings,

---

[2] The Government's sentencing submission, dated November 9, 2017, and the Probation Office's Pre-Sentence Report, dated August 31, 2017, confirm that Walters "sold crack cocaine for several years . . . in furtherance of the narcotics conspiracy."  (Gov't Sent'g Ltr., dated Nov. 9, 2017, at 1; *see* PSR ¶¶ 45–46 (Walters sold "a controlled substance to an undercover police officer on numerous dates"); *see also* Sent'g Tr. at 7:6–11, 4:16–17 ("Walters and others sold crack cocaine and engaged in shootings").)

[3] Walters "cannot possibly identify any harm to him as a result of his plea."  (Gov't Br. at 6; *see also Strickland*, 466 U.S. at 689; *see also* PSR ¶¶ 22, 46 (Walters sold "a controlled substance to an undercover police officer on numerous dates" and he also shot "a member of a rival gang" in pursuit of the narcotics conspiracy).)  He has not affirmatively proven prejudice. *See Marshall v. United States*, 368 F. Supp. 3d 674, 680 (S.D.N.Y. 2019).

"as a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver." *McFall v. United States*, No. 11 CR 4, 2021 WL 517498, at *4 n.2 (S.D.N.Y. Feb. 11, 2021) (quotation omitted). And, Walters' claim is without substantive merit. As the Government points out, "[b]ecause the defendant pled guilty to brandishing a firearm during and in relation to the drug trafficking conspiracy, *Dimaya*, has no impact on his conviction." (Gov't Br. at 9.) "*Dimaya* and *Davis* invalidated the residual clause of § 924(c)'s definition of 'crime of violence,' but **left § 924(c)'s definition of 'drug trafficking crime' intact**." *Williams v. United States*, No. 16-CR-00256, 2020 WL 6683075, at *2 (S.D.N.Y. Nov. 12, 2020) (emphasis added). Neither *Dimaya* nor *Davis* has any "effect on convictions under § 924(c) where the predicate offense was a 'drug trafficking crime,' rather than a 'crime of violence.'" *Id.*; *see also United States v. Barret*, No. 21-1743-CR, 2022 WL 17839286, at *1 (2d Cir. Dec. 22, 2022) ("Because [defendant's] § 924(c) conviction did not depend on the [residual] clause at issue in *Davis*, the case provides him no basis for relief."); *United States v. Muir*, No. 15 CR 78, 2019 WL 6117562, at *1 (S.D.N.Y. Nov. 18, 2019) ("**Nothing in *Dimaya* or *Davis* impacts the definition of a drug trafficking offense . . . . Consequently, *Dimaya* has no impact upon [defendant's] sentence.**" (emphasis added)).

**No Right to Counsel**

Because Walters has failed to demonstrate that his claim(s) have substance or any likelihood of success on the merits, his motion to appoint counsel is denied. *See Garrison*, 2020 WL 5253219, at *1 n.1; *Gonzalez v. United States*, No. 15CV8831, 2022 WL 1517334, at *29 (S.D.N.Y. Apr. 8, 2022).

**IV.     Certificate of Appealability**

The Court does not recommend that a certificate of appealability be issued because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997).

**V.     Conclusion and Order**

For the reasons stated herein, the Motion to Vacate [Dkt. 80] and the Motion to Appoint Counsel [Dkt. 78] are respectfully denied.  The Clerk of the Court is requested to close this case.

Dated: June 9, 2023

      New York, New York               **RICHARD M. BERMAN, U.S.D.J.**